# United States Bankruptcy Court

## Northern District of New York

In re  Curtis Door Systems Inc.                    ,
                   Debtor

Case No.  09-13571

Chapter  7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 7 | $ 10,090,320.76 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 50,046.34 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 17,100,411.11 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 7 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $ |
| J - Current Expenditures of Individual Debtors(s) | No | 0 | | | $ |
| TOTAL | | 22 | $ 10,090,320.76 | $ 17,150,457.45 | |

In re  Curtis Door Systems Inc.                                    ,          Case No.  09-13571
                **Debtor**                                                                                      **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | NONE |

Total►     0

(Report also on Summary of Schedules.)

In re   **Curtis Door Systems Inc.**                                   Case No.        **09-13571**
_____                              _____
                    **Debtor**                                                      **(if known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Petty Cash - U.K. Division (spare parts business for UK market, organized through Curtis Door Systems Ltd in the UK) | | $100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking/Savings:<br>**HSBC US** Acct #: 129-01832-5; As of 9/30/09: $15,959.01<br>468 State Route 3; Plattsburgh, NY 12901-6522<br>**HSBC CAD** Acct#: 001-293354-001; As of 9/30/09: $7,406.83<br>88 boul. René-Lévesque Ouest; Montréal, QC H2Z1A2, Canada<br>**Nation Bank Trust** Acct#: 700081607; As of 8/31/09: $864.98<br>482 Route 3; Plattsburgh, NY 12901 | | $24,230.82 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re_____**Curtis Door Systems Inc.**_____          Case No._____**09-13571**_____
　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Ownership of 99% of the outstanding equity in Curtis Canada Inc. | | $6,470.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | SEE ATTACHED ACCOUNTS RECEIVABLES AGING DETAIL REPORT (as of 10/2/09) for $1,341,483.35 + $262,000.00 due from Curtis Canada Inc. + $105,857.49 due from Curtis Doors Inc. | | $1,709,340.84 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Counterclaims vs. Bombardier Transportation North America for breach of contract (change orders) | | $8,344,297.00 |

In re     **Curtis Door Systems Inc.**                           Case No.          **09-13571**

                        **Debtor**                                                   **(if known)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Computer Equipment | | $5,882.10 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total ▶ | $10,090,320.76 |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules

# Curtis Door Systems, Incorp.
## A/R Aging Detail
### As of October 2, 2009

| Type | Date | Num | P. O. # | Name | Terms | Due Date | Aging | Open Balance |
|---|---|---|---|---|---|---|---|---|
| **Current** | | | | | | | | |
| **Total Current** | | | | | | | | |
| **1 - 30** | | | | | | | | |
| Invoice | 16/07/2009 | P010-072 | | SIEMENS TRANS SIE250 | Net 60 | 14/09/2009 | 18.0 | 18,325.55 |
| Invoice | 16/07/2009 | P010-073 | | SIEMENS TRANS SIE250 | Net 60 | 14/09/2009 | 18.0 | 126.44 |
| Invoice | 18/06/2009 | 9479 | | KAWASAKI MOTORS KAW50003 | Net 30 | 17/09/2009 | 15.0 | 909.97 |
| Credit Memo | 23/09/2009 | 9422 | 7316 | CURTIS CANADA CUR300 | | 23/09/2009 | 9.0 | -154.00 |
| Invoice | 25/08/2009 | 9548 | | KAWASAKI MOTORS KAW50003 | Net 30 | 24/09/2009 | 8.0 | 21,882.48 |
| Invoice | 31/07/2009 | P010-076 | | SIEMENS TRANS SIE250 | Net 60 | 29/09/2009 | 3.0 | 20,337.75 |
| **Total 1 - 30** | | | | | | | | 61,428.19 |
| **31 - 60** | | | | | | | | |
| Invoice | 05/dd/yyyy | P010-048 | | SIEMENS TRANS SIE250 | Net 60 | 04/dd/yyyy | 59.0 | 1,660.48 |
| Invoice | 08/dd/yyyy | P010-050 | | SIEMENS TRANS SIE250 | Net 60 | 07/dd/yyyy | 56.0 | 889.20 |
| Invoice | 23/06/2009 | P010-065 | | SIEMENS TRANS SIE250 | Net 60 | 22/08/2009 | 41.0 | 2,916.26 |
| Invoice | 23/06/2009 | P010-066 | | SIEMENS TRANS SIE250 | Net 60 | 22/08/2009 | 41.0 | 1,865.40 |
| Invoice | 23/06/2009 | P010-067 | | SIEMENS TRANS SIE250 | Net 60 | 22/08/2009 | 41.0 | 574.50 |
| Invoice | 23/06/2009 | P010-068 | | SIEMENS TRANS SIE250 | Net 60 | 22/08/2009 | 41.0 | 2,610.60 |
| Invoice | 23/06/2009 | P010-071 | | SIEMENS TRANS SIE250 | Net 60 | 22/08/2009 | 41.0 | 2,500.00 |
| Invoice | 31/07/2009 | P015-005 | | KAWASAKI HEAVY INDUSTRIES KHI500 | Net 30 | 30/08/2009 | 33.0 | 155,040.00 |
| Invoice | 31/07/2009 | 9421 | | KAWASAKI MOTORS KAW50003 | Net 30 | 30/08/2009 | 33.0 | 29,176.64 |
| **Total 31 - 60** | | | | | | | | 197,233.08 |
| **61 - 90** | | | | | | | | |
| Invoice | 07/dd/yyyy | P010-030 | | SIEMENS TRANS SIE250 | Net 60 | 06/dd/yyyy | 88.0 | 3,048.18 |
| Invoice | 07/dd/yyyy | P010-031 | | SIEMENS TRANS SIE250 | Net 60 | 06/dd/yyyy | 88.0 | 223.37 |
| Invoice | 07/dd/yyyy | P010-032 | | SIEMENS TRANS SIE250 | Net 60 | 06/dd/yyyy | 88.0 | 312.96 |
| Invoice | 18/05/2009 | P010-038 | | SIEMENS TRANS SIE250 | Net 60 | 17/07/2009 | 77.0 | 27,063.12 |
| Invoice | 20/05/2009 | P010-034 | | SIEMENS TRANS SIE250 | Net 60 | 19/07/2009 | 75.0 | 5,564.57 |
| Invoice | 22/05/2009 | P010-036 | | SIEMENS TRANS SIE250 | Net 60 | 21/07/2009 | 73.0 | 223.21 |
| Invoice | 22/05/2009 | P010-040 | | SIEMENS TRANS SIE250 | Net 60 | 21/07/2009 | 73.0 | 3,112.79 |
| Invoice | 22/05/2009 | P010-044 | | SIEMENS TRANS SIE250 | Net 60 | 21/07/2009 | 73.0 | 75.00 |
| Invoice | 22/05/2009 | P010-045 | | SIEMENS TRANS SIE250 | Net 60 | 21/07/2009 | 73.0 | 465.00 |
| Invoice | 29/05/2009 | P010-051 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 1,327.41 |

# Curtis Door Systems, Incorp.
## A/R Aging Detail
### As of October 2, 2009

| Type | Date | Num | P. O. # | Name | Terms | Due Date | Aging | Open Balance |
|------|------|-----|---------|------|-------|----------|-------|--------------|
| Invoice | 29/05/2009 | P010-052 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 3,216.72 |
| Invoice | 29/05/2009 | P010-055 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 223.37 |
| Invoice | 29/05/2009 | P010-061 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 1,591.68 |
| Invoice | 29/05/2009 | P010-062 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 1,219.80 |
| Invoice | 29/05/2009 | P010-063 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 1,972.80 |
| Invoice | 29/05/2009 | P010-064 | | SIEMENS TRANS SIE250 | Net 60 | 28/07/2009 | 66.0 | 223.21 |
| Invoice | 29/06/2009 | 9248 | | KAWASAKI MOTORS KAW50003 | Net 30 | 29/07/2009 | 65.0 | 18,235.40 |
| Invoice | 29/06/2009 | 9249 | | KAWASAKI MOTORS KAW50003 | Net 30 | 29/07/2009 | 65.0 | 5,470.62 |
| Invoice | 31/05/2009 | P010-046 | | SIEMENS TRANS SIE250 | Net 60 | 30/07/2009 | 64.0 | 3,112.79 |
| Invoice | 31/05/2009 | P010-058 | | SIEMENS TRANS SIE250 | Net 60 | 30/07/2009 | 64.0 | 223.21 |
| Invoice | 31/05/2009 | P010-059 | | SIEMENS TRANS SIE250 | Net 60 | 30/07/2009 | 64.0 | 13,669.87 |
| Invoice | 31/05/2009 | P010-060 | | SIEMENS TRANS SIE250 | Net 60 | 30/07/2009 | 64.0 | 228.09 |
| Invoice | 30/06/2009 | P015-004 | | KAWASAKI HEAVY INDUSTRIES KHI500 | Net 30 | 30/07/2009 | 64.0 | 116,280.00 |
| Invoice | 30/06/2009 | P027-004 | | CNIM HK (USA) CNIM550 | Net 30 | 30/07/2009 | 64.0 | 189,000.00 |

**Total 61 - 90**  396,083.17

**> 90**

| Type | Date | Num | P. O. # | Name | Terms | Due Date | Aging | Open Balance |
|------|------|-----|---------|------|-------|----------|-------|--------------|
| Invoice | 26/03/2007 | 6370 | | FABRI-METAL FAM501 | | 26/03/2007 | 921.0 | 206.92 |
| Invoice | 04/dd/yyyy | 8073 | | CURTIS CANADA CUR300 | Net 30 | 04/dd/yyyy | 882.0 | 2,171.24 |
| Invoice | 12/dd/yyyy | 6936 | | CNIM HONK KONG CNIM500 (HK $) | | 12/dd/yyyy | 690.0 | 173,115.12 |
| Invoice | 26/11/2007 | 6891 | | ALSTOM TRANSPORT ALS505 | Net 30 | 26/12/2007 | 646.0 | 2,921.67 |
| Invoice | 29/11/2007 | 6899 | | SIEMENS TRANS SIE250 | Net 60 | 28/01/2008 | 613.0 | 4,767.21 |
| Invoice | 05/dd/yyyy | 7005 | | CURTIS CANADA CUR300 | Net 30 | 04/dd/yyyy | 606.0 | 4,576.47 |
| Invoice | 13/12/2007 | 6949 | | SIEMENS TRANS SIE250 | Net 60 | 11/dd/yyyy | 599.0 | 23,640.00 |
| Invoice | 26/02/2008 | 7138 | | CURTIS CANADA CUR300 | Net 30 | 27/03/2008 | 554.0 | 1,485.27 |
| Invoice | 11/dd/yyyy | 8181 | | SIEMENS TRANS SIE250 | Net 60 | 10/dd/yyyy | 510.0 | 4,925.00 |
| Invoice | 24/04/2008 | 7302 | | CURTIS CANADA CUR300 | Net 30 | 24/05/2008 | 496.0 | 469.23 |
| Invoice | 25/04/2008 | 7306 | | CURTIS CANADA CUR300 | Net 30 | 25/05/2008 | 495.0 | 274.00 |
| Invoice | 09/dd/yyyy | 7246 | | SIEMENS TRANS SIE250 | Net 60 | 08/dd/yyyy | 481.0 | 13,669.87 |
| Invoice | 13/05/2008 | 7384 | | CURTIS CANADA CUR300 | Net 30 | 12/dd/yyyy | 477.0 | 479.44 |
| Invoice | 14/05/2008 | 7389 | | CURTIS CANADA CUR300 | Net 30 | 13/06/2008 | 476.0 | 11,508.80 |
| Invoice | 23/05/2008 | 7422 | | CURTIS CANADA CUR300 | Net 30 | 22/06/2008 | 467.0 | 324.03 |
| Invoice | 24/06/2008 | 7544 | | ALSTOM TRANSPORT ALS505 | Net 30 | 24/07/2008 | 435.0 | 65.64 |
| Invoice | 07/dd/yyyy | 7590 | | CURTIS CANADA CUR300 | Net 30 | 06/dd/yyyy | 422.0 | 76.45 |
| Invoice | 09/dd/yyyy | 7482 | | SIEMENS TRANS SIE250 | Net 60 | 08/dd/yyyy | 420.0 | 22,980.00 |

# Curtis Door Systems, Incorp.
## A/R Aging Detail
### As of October 2, 2009

| Type | Date | Num | P. O. # | Name | Terms | Due Date | Aging | Open Balance |
|------|------|-----|---------|------|-------|----------|-------|--------------|
| Invoice | 20/08/2008 | 7769 | | SMC PNEUMATICS HK SMC502 | Net 30 | 20/08/2008 | 408.0 | 1,188.12 |
| Invoice | 21/08/2008 | 7777 | | CURTIS CANADA CUR300 | Net 30 | 20/09/2008 | 377.0 | 1,608.37 |
| Invoice | 04/dd/yyyy | 7846 | | CURTIS CANADA CUR300 | Net 30 | 04/dd/yyyy | 363.0 | 320.84 |
| Invoice | 05/dd/yyyy | 7851 | | CURTIS CANADA CUR300 | Net 30 | 05/dd/yyyy | 362.0 | 81.86 |
| Invoice | 10/dd/yyyy | 7868 | | CURTIS CANADA CUR300 | Net 30 | 10/dd/yyyy | 357.0 | 6,856.32 |
| Invoice | 10/dd/yyyy | 7878 | | CURTIS CANADA CUR300 | Net 30 | 10/dd/yyyy | 357.0 | 78.34 |
| Invoice | 11/dd/yyyy | 7879 | | CURTIS CANADA CUR300 | Net 30 | 11/dd/yyyy | 356.0 | 7,000.22 |
| Invoice | 16/09/2008 | 7908 | | CURTIS CANADA CUR300 | Net 30 | 16/10/2008 | 351.0 | 135.00 |
| Invoice | 17/09/2008 | 7920 | | CURTIS CANADA CUR300 | Net 30 | 17/10/2008 | 350.0 | 770.00 |
| Invoice | 17/09/2008 | 7921 | | CURTIS CANADA CUR300 | Net 30 | 17/10/2008 | 350.0 | 152.18 |
| Credit Memo | 24/10/2008 | 8145 | | CURTIS CANADA CUR300 | | 24/10/2008 | 343.0 | -300.00 |
| Invoice | 11/dd/yyyy | 7888 | | SIEMENS TRANS SIE250 | Net 60 | 10/dd/yyyy | 326.0 | 223.21 |
| Invoice | 21/10/2008 | 8135 | | CURTIS CANADA CUR300 | Net 30 | 20/11/2008 | 316.0 | 1,266.04 |
| Invoice | 30/10/2008 | 8167 | | CURTIS CANADA CUR300 | Net 30 | 29/11/2008 | 307.0 | 97.08 |
| Credit Memo | 22/12/2008 | 8378 | | SIEMENS TRANS SIE250 | | 22/12/2008 | 284.0 | -3,050.24 |
| Invoice | 26/11/2008 | 8299 | | CURTIS CANADA CUR300 | Net 30 | 26/12/2008 | 280.0 | 336.60 |
| Invoice | 17/12/2008 | 8364 | | KAWASAKI MOTORS KAW50003 | Net 30 | 16/01/2009 | 259.0 | 89.73 |
| Invoice | 17/12/2008 | 8365 | | KAWASAKI MOTORS KAW50003 | Net 30 | 16/01/2009 | 259.0 | 821.64 |
| Invoice | 17/12/2008 | 8366 | | KAWASAKI MOTORS KAW50003 | Net 30 | 16/01/2009 | 259.0 | 909.97 |
| Invoice | 06/dd/yyyy | 8402 | | CURTIS CANADA CUR300 | Net 30 | 05/dd/yyyy | 239.0 | 812.80 |
| Invoice | 08/dd/yyyy | 8410 | | CURTIS CANADA CUR300 | Net 30 | 07/dd/yyyy | 237.0 | 450.00 |
| Credit Memo | 22/12/2008 | 8382 | | SIEMENS TRANS SIE250 | Net 60 | 20/02/2009 | 224.0 | 40,000.00 |
| Credit Memo | 20/02/2009 | 6033A | | SIEMENS TRANS SIE250 | | 20/02/2009 | 224.0 | -4,000.32 |
| Invoice | 28/01/2009 | 8449 | | CURTIS CANADA CUR300 | Net 30 | 27/02/2009 | 217.0 | 107.96 |
| Invoice | 04/dd/yyyy | 8496 | | CURTIS CANADA CUR300 | Net 30 | 06/dd/yyyy | 210.0 | 2,804.94 |
| Invoice | 06/dd/yyyy | 8503 | | CNIM HK (USA) CNIM550 | Net 30 | 08/dd/yyyy | 208.0 | 272,540.81 |
| Invoice | 15/01/2009 | 8516 | | SIEMENS TRANS SIE250 | Net 60 | 16/03/2009 | 200.0 | 1,768.00 |
| Invoice | 17/02/2009 | 8546 | | CURTIS CANADA CUR300 | Net 30 | 19/03/2009 | 197.0 | 1,528.28 |
| Invoice | 19/02/2009 | 8566 | | CURTIS CANADA CUR300 | Net 30 | 21/03/2009 | 195.0 | 1,250.76 |
| Invoice | 20/02/2009 | 8570 | | CURTIS CANADA CUR300 | Net 30 | 22/03/2009 | 194.0 | 523.11 |
| Invoice | 24/03/2009 | 8687 | | TAIPEI RAPID TRANSIT TRTC500 | | 24/03/2009 | 192.0 | 36,038.35 |
| Invoice | 24/03/2009 | 8691 | | SMC PNEUMATICS SMC250 | | 24/03/2009 | 192.0 | 344.20 |
| Invoice | 25/02/2009 | 8581 | | CURTIS CANADA CUR300 | Net 30 | 27/03/2009 | 189.0 | 2,006.00 |
| Invoice | 31/01/2009 | 8471 | | SIEMENS TRANS SIE250 | Net 60 | 01/dd/yyyy | 184.0 | 55.78 |
| Invoice | 02/dd/yyyy | 8624 | | ALSTOM TRANSPORT ALS505 | Net 30 | 01/dd/yyyy | 184.0 | 19,018.88 |

# Curtis Door Systems, Incorp.
## A/R Aging Detail
### As of October 2, 2009

| Type | Date | Num | P. O. # | Name | Terms | Due Date | Aging | Open Balance |
|------|------|-----|---------|------|-------|----------|-------|--------------|
| Invoice | 05/dd/yyyy | 8625 | | CURTIS CANADA CUR300 | Net 30 | 04/dd/yyyy | 181.0 | 619.97 |
| Invoice | 09/dd/yyyy | 6335 | | ALSTOM TRANSPORT ALS505 | Net 30 | 08/dd/yyyy | 177.0 | 1,568.70 |
| Invoice | 18/02/2009 | 8558 | | SIEMENS TRANS SIE250 | Net 60 | 19/04/2009 | 166.0 | 540.00 |
| Invoice | 18/02/2009 | 8555 | | SIEMENS TRANS SIE250 | Net 60 | 19/04/2009 | 166.0 | 45.00 |
| Invoice | 20/03/2009 | 8683 | | CURTIS CANADA CUR300 | Net 30 | 21/04/2009 | 166.0 | 417.23 |
| Invoice | 20/02/2009 | 5885A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 3,050.24 |
| Invoice | 20/02/2009 | 6899A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 3,112.79 |
| Invoice | 20/02/2009 | 5884A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 10.50 |
| Invoice | 20/02/2009 | 6220A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 904.68 |
| Invoice | 20/02/2009 | 6230A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 3,850.00 |
| Invoice | 20/02/2009 | 6284A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 1,925.00 |
| Invoice | 20/02/2009 | 6291A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 5,745.00 |
| Invoice | 20/02/2009 | 6298A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 7,660.00 |
| Invoice | 20/02/2009 | 6303A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 47,296.00 |
| Invoice | 20/02/2009 | 6304A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 12,793.14 |
| Invoice | 20/02/2009 | 6688A | | SIEMENS TRANS SIE250 | Net 60 | 21/04/2009 | 164.0 | 61.80 |
| Invoice | 30/03/2009 | 8899 | | CURTIS CANADA CUR300 | Net 30 | 29/04/2009 | 156.0 | 267.50 |
| Invoice | 16/03/2009 | 8653 | | SIEMENS TRANS SIE250 | Net 60 | 15/05/2009 | 140.0 | 421.35 |
| Credit Memo | 18/05/2009 | P010-037CR | | SIEMENS TRANS SIE250 | | 18/05/2009 | 137.0 | -27,063.12 |
| Credit Memo | 20/05/2009 | P010-035CR | | SIEMENS TRANS SIE250 | | 20/05/2009 | 135.0 | -1,768.00 |
| Invoice | 22/05/2009 | P027-002 | | CNIM HONG KONG CNIM500 | | 22/05/2009 | 133.0 | 204,405.61 |
| Credit Memo | 22/05/2009 | P010-039CR | | SIEMENS TRANS SIE250 | | 22/05/2009 | 133.0 | -7,880.00 |
| Credit Memo | 22/05/2009 | P010-043CR | | SIEMENS TRANS SIE250 | | 22/05/2009 | 133.0 | -540.00 |
| Invoice | 26/05/2009 | P027-003 | | CNIM HONG KONG CNIM500 | | 26/05/2009 | 129.0 | -272,540.81 |
| Credit Memo | 29/04/2009 | P017-001 | | CNIM HK (USA) CNIM550 | Net 30 | 29/05/2009 | 126.0 | 785.00 |
| Credit Memo | 31/05/2009 | P010-056CR | | SIEMENS TRANS SIE250 | | 31/05/2009 | 124.0 | -13,669.87 |
| Credit Memo | 31/05/2009 | P010-057CR | | SIEMENS TRANS SIE250 | | 31/05/2009 | 124.0 | -223.21 |
| Invoice | 11/dd/yyyy | P010-019 | | SIEMENS TRANS SIE250 | Net 60 | 10/dd/yyyy | 114.0 | 223.21 |
| Invoice | 19/05/2009 | P002-001 | | KAWASAKI MOTORS KAW50003 | Net 30 | 18/06/2009 | 106.0 | 5,459.82 |
| Invoice | 25/05/2009 | P002-002 | | KAWASAKI MOTORS KAW50003 | Net 30 | 28/06/2009 | 96.0 | 28,441.33 |
| Invoice | 30/06/2009 | P017-004 | | CNIM HONG KONG CNIM500 | | 30/06/2009 | 94.0 | 21,328.86 |
| Total > 90 | | | | | | | | 686,738.91 |
| | | | | | | | | |
| **TOTAL** | | | | | | | | 1,341,483.35 |

In re  Curtis Door Systems Inc.                    ,          Case No.  09-13571
 **Debtor**                                                            **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                         $136,875.
 ☐  11 U.S.C. § 522(b)(2)
 ☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| NONE. | | | |

**B6D (Official Form 6D) (12/07)**

In re _Curtis Door Systems Inc._____ ,     Case No. _09-13571_____
                                    **Debtor**                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5700277730<br><br>National Bank Trust, N.A.<br>482 Route 3<br>Plattsburgh, NY 12901 | | | 02/22/08 - All inventory, accounts, equipment and general intangibles (now held by Curtis Doors Inc.)<br><br>VALUE $ | | | | $50,046.34 | |
| ACCOUNT NO.<br><br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br><br> | | | <br><br>VALUE $ | | | | | |

| | | |
|---|---|---|
| ____ continuation sheets attached | Subtotal ►<br>(Total of this page) | $ | $ |
| | Total ►<br>(Use only on last page) | $   50,046.34 | $ |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re  <u>Curtis Door Systems Inc.</u>          ,          Case No. <u>09-13751</u>
            **Debtor**                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors.  If a joint petition  is filed, state whether the  husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."     If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (12/07) – Cont.**

In re  Curtis Door Systems Inc.                          ,        Case No.  09-13751
                   **Debtor**                                  **(if known)**

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>0</u>   continuation sheets attached

In re___**Curtis Door Systems Inc.**_____,     Case No._____**09-13571**_____.
_____**Debtor**_____                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. CNIM250<br><br>CNIM<br>Euro Funds<br>61 Rue Lafayette<br>Paris, FR, 75009 | | | Cash advances sent since 1/1/08 as per the Cash Agreement between CDS and CNIM SA | | | | $14,429,874.82 |
| ACCOUNT NO.<br><br>Cnim Transport Holding SAS<br>35 Rue De Bassano<br>Paris, FR 75008 | | | Cash advances sent since May 2006 | | | | $1,950,000.00 |
| ACCOUNT NO.<br><br>Curtis Canada Inc.<br>1225 rue Indsutrielle<br>La Prairie, Quebec, J5R 2E4 | | | between 5/27/2009 and 8/31/2009 as per Service Agreement signed on 4/1/2009 | | | | $113,126.07 |
| ACCOUNT NO. CURP500<br><br>Curtis Door Properties<br>104 Sharron Avenue<br>Plattsburgh, NY 12901 | | | between 1/1/2008 and 3/1/2009 as per Commercial Lease Agreement signed on 1/1/2008 | | | | $150,662.50 |
| ACCOUNT NO.<br><br>Curtis Doors Inc.<br>104 Sharron Avenue<br>Plattsburgh, NY 12901 | | | between 7/31/2009 and 8/31/2009 | | | | $456,681.22 |
| | | | | | | Subtotal▶ | $17,100,344.61 |
| | | | | | | Total▶ | |

__1__ continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re    **Curtis Door Systems Inc.**                                    ,          Case No.        **09-13571**                      .
             **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above. )* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  TUT500 <br><br> Tuthill Controls Group <br> Diplocks Way, South Road, Hailsham, <br> East Sussex BN27 3JF England | | | 4/7/2009 | | | | $66.50 |
| ACCOUNT NO. <br> Bombardier Transportation North America, N.A. <br> 1101, Parent Street <br> St Bruno, Quebec <br> J3V 6E6 Canada | | | Production product | X | | X | $0.00 |
| ACCOUNT NO. <br><br> Kawasaki Heavy Industries Ltd. <br> Hyogo Works, 2-1-18 <br> Wadayama-Dori, Hyogo-Ku <br> Kobe, Japan 652-0844 | | | Production product/equipment | X | | X | $0.00 |
| ACCOUNT NO. <br><br><br> | | | | | | | |
| ACCOUNT NO. <br><br><br> | | | | | | | |

Sheet no. 1 of 1 continuation sheet
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal▶ $66.50

Total▶ $17,100,411.11

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6G (Official Form 6G) (12/07)**

In re __Curtis Door Systems Inc._____,     Case No. _____09-13571_____
                     Debtor                                            (if known)

## SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease. Provide the names and mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Alstom Transportation<br>1001 Frontenac Road<br>Naperville, IL  60563 | Customer Contract |
| Alstom Transportation Inc<br>Accounts Payable<br>1 Transit Drive<br>Hornell, NY  14843 | Customer Contract |
| CNIM Hong Kong<br>B1203-4; Seaview Estate<br>2-8 Watson Road<br>North Point, Hong Kong B1203-4 | Customer Contract |
| Hitachi America Ltd.<br>Alliances & Sourcing Div.<br>50 Prospect Avenue<br>Terrytown, NY 10597 | Customer Contract |
| Kawasaki Heavy Industries Ltd.<br>Hyogo Works, 2-1-18<br>Wadayama-Dori, Hyogo-Ku<br>Kobe, Japan 652—0844 | Customer Contract |
| Siemens Transportation Systems<br>224 North Main Street<br>Building 13-1<br>Horseheads, NY 14845 | Customer Contract |

**B6H (Official Form 6H) (12/07)**

In re <u>Curtis Door Systems Inc.</u> ,                    Case No. <u>09-13571</u>
            **Debtor**                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| CNIM SA<br>35 rue de Bassano<br>75008 Paris France<br><br>See three attached Performance Guarantee letters dated April 25, 2007 | Bombardier Inc.<br>Corporate Headquarters<br>800 Rene-Levesque Blvd. Ouest<br>Montreal, Quebec<br>H3B 1Y8 Canada |

BOMBARDIER INC.
Corporate Headquarters
800 René-Lévesque Blvd. West
Montréal, Québec
Canada H3B 1Y8

Document  #
Parental Guarantee
Project:  Toronto Rocket
Contract  079
Date:  April 25, 2007

## PERFORMANCE GUARANTEE

**This Parental Guarantee is made on the 25th day of April, 2007, by CNIM SA (hereinafter called the "Guarantor") in favour of Bombardier Inc.**

**WHEREAS** Curtis Door Systems, Inc., a company incorporated under the laws of New-York, is a subsidiary of the Guarantor.

**AND WHEREAS** BOMBARDIER INC (Bombardier) is desirous of entering into a contract with Curtis Door Systems, Inc. for the supply and delivery of a base order of two hundred and thirty-four (234) car-sets of complete door systems, with options for the supply and delivery for up to an additional hundred seventy-four (174) car-sets (forty-eight (48) car-sets under option 1 and hundred twenty-six (126) car-sets under option 2), for a potential total Project quantity of four hundred height (408) car-sets of complete door systems under the Purchase contract 079-CUR-STC-DOOR.

**NOW THIS AGREEMENT WITNESSES** that in consideration of the premises and the execution of the Purchase Contract 079-CUR-STC-DOOR (hereinafter called the "Purchase Contract") between Bombardier and Curtis Door Systems, Inc., the Guarantor, as ultimate Parent Guaranty, agrees to provide all the necessary financial and technical support for the proper completion of the said Purchase Contract and hereby unconditionally and irrevocably guarantees the performance by Curtis Door Systems, Inc., of all obligations, including the warranty provisions of the said Purchase Contract in accordance with the Puchase Contract documents, including timely completion thereof.

The Parental Guarantee shall commence upon execution of the Purchase Contract and shall terminate at the expiry of the warranty period for the last Good covered by this warranty period.

Should Curtis Door Systems, Inc. fail or otherwise be unable to fully perform in accordance with the terms of the Purchase Contract, and the Guarantor receives written notice from Bombardier of Curtis Door Systems, Inc.'s failure to perform, provided that before any such demand a notice in writing has been sent to Curtis Door Systems stating that it is in default under the Purchase Contract and that such default has not been

remedied within such period defined in the Purchase Contract, the Guarantor shall itself, acting directly or through others, fully perform such obligations under the terms of the Purchase Contract and, at BT's option, reimburse BT for any loss, damages, costs and expenses suffered or incurred by BT out of or in connection with such failure by Curtis Door Systems, Inc. to comply with the terms of the Purchase Contract. Bombardier understands that should the Guarantor engage the services of third parties to perform Curtis Door Systems, Inc.'s obligations, this third party must meet or exceed the industry standards and comply with the Purchase Contract requirements.

The Guarantor shall be under no greater obligation or greater liability under this Guarantee than it would have been under the Purchase Contract if it had been named as the contractor in the Purchase Contract.

This Parental Guarantee shall inure to the benefit of and be binding upon the respective successors and assigns of Bombardier and the Guarantor.

**IT IS UNDERSTOOD AND AGREED** that this Parental Guarantee will be interpreted in accordance with the laws of the Province of Québec, and the Parent Company hereby attorns to the jurisdiction of the courts of Montréal,

**This agreement shall** be attached to and form part of the Purchase Contract between Curtis Door Systems, Inc. and Bombardier.

**IN WITNESS WHEREOF** the Parent Company has hereunto affixed its corporate seal under the hands of its duly authorized officers in that behalf, this 25th day of April, 2007.

Parent Company: CNIM SA

Per _____
       Name:_____
       Function:_____


Parent Company: CNIM SA

Per _____
       Name:_____
       Function:_____

I/We have authority to bind the Corporation

BOMBARDIER INC.
Corporate Headquarters
800 René-Lévesque Blvd. West
Montréal, Québec
Canada H3B 1Y8

Document #
Parental Guarantee
Project:    Kuala Lumpur Fleet
Expansion
Contract  818
Date:        April 25, 2007

## PERFORMANCE GUARANTEE

**This Parental Guarantee is made on the 25th day of April, 2007, by CNIM SA (hereinafter called the "Guarantor") in favor of Bombardier Inc.**

**WHEREAS** Curtis Door Systems, Inc., a company incorporated under the laws of New-York, is a subsidiary of the Guarantor.

**AND WHEREAS** BOMBARDIER INC (Bombardier) is desirous of entering into a contract with Curtis Door Systems, Inc. for the supply and delivery of a base order of eighty eight (88) car-sets of door systems and vehicle PDI, with options for the supply and delivery for up to an additional fifty-two (52) car-sets under option 1,for a potential total Project quantity of one hundred forty (140) car-sets of door systems and vehicle PDI under the Purchase contract 818-CUR-STC-DOOR.

**NOW THIS AGREEMENT WITNESSES** that in consideration of the premises and the execution of the Purchase Contract 818-CUR-STC-DOOR (hereinafter called the "Purchase Contract") between Bombardier and Curtis Door Systems, Inc., the Guarantor, as ultimate Parent Guaranty, agrees to provide all the necessary financial and technical support for the proper completion of the said Purchase Contract and hereby unconditionally and irrevocably guarantees the performance by Curtis Door Systems, Inc., of all obligations, including the warranty provisions of the said Purchase Contract in accordance with the Purchase Contract documents, including timely completion thereof.

The Parental Guarantee shall commence upon execution of the Purchase Contract and shall terminate at the expiry of the warranty period for the last Good covered by this warranty period.

Should Curtis Door Systems, Inc. fail or otherwise be unable to fully perform in accordance with the terms of the Purchase Contract, and the Guarantor receives written notice from Bombardier of Curtis Door Systems, Inc.'s failure to perform, provided that before any such demand a notice in writing has been sent to Curtis Door Systems stating that it is in default under the Purchase Contract and that such default has not been

remedied within such period defined in the Purchase Contract, the Guarantor shall itself, acting directly or through others, fully perform such obligations under the terms of the Purchase Contract and, at BT's option, reimburse BT for any loss, damages, costs and expenses suffered or incurred by BT out of or in connection with such failure by Curtis Door Systems, Inc. to comply with the terms of the Purchase Contract. Bombardier understands that should the Guarantor engage the services of third parties to perform Curtis Door Systems, Inc.'s obligations, this third party must meet or exceed the industry standards and comply with the Purchase Contract requirements.

The Guarantor shall be under no greater obligation or greater liability under this Guarantee than it would have been under the Purchase Contract if it had been named as the contractor in the Purchase Contract.

This Parental Guarantee shall inure to the benefit of and be binding upon the respective successors and assigns of Bombardier and the Guarantor.

**IT IS UNDERSTOOD AND AGREED** that this Parental Guarantee will be interpreted in accordance with the laws of the Province of Québec, and the Parent Company hereby attorns to the jurisdiction of the courts of Montréal,

**This agreement shall** be attached to and form part of the Purchase Contract between Curtis Door Systems, Inc. and Bombardier.

**IN WITNESS WHEREOF** the Parent Company has hereunto affixed its corporate seal under the hands of its duly authorized officers in that behalf, this 25th day of April, 2007.

Parent Company: CNIM SA

Per_____
Name:_____
Function:_____

Parent Company: CNIM SA

Per_____
Name:_____
Function:_____

I/We have authority to bind the Corporation

BOMBARDIER INC.
Corporate Headquarters
800 René-Lévesque Blvd. West
Montréal, Québec
Canada H3B 1Y8

Document #
Parental Guarantee
Project:   Greater Vancouver
Transportation Authority
Contract   819
Date:       April 25, 2007

## PERFORMANCE GUARANTEE

**This Parental Guarantee is made on the 25th day of April, 2007, by CNIM SA (hereinafter called the "Guarantor") in favor of Bombardier Inc.**

**WHEREAS** Curtis Door Systems, Inc., a company incorporated under the laws of New-York, is a subsidiary of the Guarantor.

**AND WHEREAS** BOMBARDIER INC (Bombardier) is desirous of entering into a contract with Curtis Door Systems, Inc. for the supply and delivery of a base order of thirty-four (34) car-sets of complete door systems and vehicle PDI, with options for the supply and delivery for up to an additional fourteen (14) or twenty-four (24) car-sets under option 1 and fourteen (14) or twenty-four (24) car-sets under option 2, for a potential total Project quantity of seventy-two (72) car-sets of complete door systems under the Purchase contract 819-CUR-STC-DOOR.

**NOW THIS AGREEMENT WITNESSES** that in consideration of the premises and the execution of the Purchase Contract 819-CUR-STC-DOOR (hereinafter called the "Purchase Contract") between Bombardier and Curtis Door Systems, Inc., the Guarantor, as ultimate Parent Guaranty, agrees to provide all the necessary financial and technical support for the proper completion of the said Purchase Contract and hereby unconditionally and irrevocably guarantees the performance by Curtis Door Systems, Inc., of all obligations, including the warranty provisions of the said Purchase Contract in accordance with the Purchase Contract documents, including timely completion thereof.

The Parental Guarantee shall commence upon execution of the Purchase Contract and shall terminate at the expiry of the warranty period for the last Good covered by this warranty period.

Should Curtis Door Systems, Inc. fail or otherwise be unable to fully perform in accordance with the terms of the Purchase Contract, and the Guarantor receives written notice from Bombardier of Curtis Door Systems, Inc.'s failure to perform, provided that before any such demand a notice in writing has been sent to Curtis Door Systems stating

that it is in default under the Purchase Contract and that such default has not been remedied within such period defined in the Purchase Contract, the Guarantor shall itself, acting directly or through others, fully perform such obligations under the terms of the Purchase Contract and, at BT's option, reimburse BT for any loss, damages, costs and expenses suffered or incurred by BT out of or in connection with such failure by Curtis Door Systems, Inc. to comply with the terms of the Purchase Contract. Bombardier understands that should the Guarantor engage the services of third parties to perform Curtis Door Systems, Inc.'s obligations, this third party must meet or exceed the industry standards and comply with the Purchase Contract requirements.

The Guarantor shall be under no greater obligation or greater liability under this Guarantee than it would have been under the Purchase Contract if it had been named as the contractor in the Purchase Contract.

This Parental Guarantee shall inure to the benefit of and be binding upon the respective successors and assigns of Bombardier and the Guarantor.

**IT IS UNDERSTOOD AND AGREED** that this Parental Guarantee will be interpreted in accordance with the laws of the Province of Québec, and the Parent Company hereby attorns to the jurisdiction of the courts of Montréal,

**This agreement shall** be attached to and form part of the Purchase Contract between Curtis Door Systems, Inc. and Bombardier.

**IN WITNESS WHEREOF** the Parent Company has hereunto affixed its corporate seal under the hands of its duly authorized officers in that behalf, this 25th day of April, 2007.

Parent Company: CNIM SA

Per _____
Name:_____
Function:_____

Parent Company: CNIM SA

Per _____
Name:_____
Function:_____

I/We have authority to bind the Corporation